DAVID CODDINGTON, JANE, his wife, and others *v.* The Executors of the will BENNET HAVENS, deceased.

H., by will, gave six legacies to six individuals respectively, by their respective names; and then gave $500 to the Presbyterian Church in the Clove, and the interest paid to their minister annually, the principal to remain good as long as there is any Church there;" and then provided as follows : " If there should be any more of my estate left after paying out the legacies, I give and bequeath one-third to my said daughter, and the other two-thirds to be equally divided among all those that I have given legacies to.

*Held*, that the said Church was not entitled to a share of the said residue.

Bennet Havens, late of the township of Wantage, in the county of Sussex, died, on the 23d day of December, 1845, leaving a will, dated July 12, 1830, by which, after directing his debts and funeral expenses to be paid, he gave to " Thomas C. Ryerson, trustee of and in trust for his daughter Jane T. Havens, $35,000, to be paid to the said trustee, by his executors, within six months after his decease; and directed that the said trustee constantly keep the said sum of money at interest, on bonds well secured by mortgage; and receive the interest annually, or oftener, and pay the same to his said daughter Jane, for her sole and separate use; and devised to his said daughter the use of his farm and house and stock as long as she should remain unmarried. And gave to James C. Havens $1,000 and the use of the said farm after the marriage of his daughter Jane during his natural life, and if he should die without issue, then to be divided among the children of the testator's sister, Abigail Munsell. And gave $1,000 to Jonathan H. Munsell; $1,000 to Henry Munsell; to the wife and children of Matthias Strader $2,000, to be laid out in new lands for their use and benefit; and to Elizabeth Potter $1,000; and to Havens Titsworth $1,000, to be put at interest and paid to him when he arrives at twenty-one : the interest to be laid out in schooling him.

He then gave and bequeathed " $500 to the Presbyterian Church in the Clove, and the interest paid to their minister an-

nually, the principal to remain good as long as there is any Church there;" and then provided as follows : "If there should be any more of my estate left after paying out the legacies, I give and bequeath one-third to my daughter Jane, and the other two-thirds to be equally divided among all those that I have given legacies to."

The will appointed John Titsworth and James C. Havens executors.

The bill states, that the testator died without leaving any surviving issue.

That the executors proved the will &c.

That on the 20th of March, 1846, the personal property was appraised.

That the legacy of $500 given to "the Presbyterian Church in the Clove," was intended for a religious society or congregation of the Presbyterian denomination, which at the date of said will and still worship at a church then erected and still standing, situated at a place called the "Clove," in the township of Wantage, of which congregation the said testator was a member. That the corporate name of the said society was, and still is "The Trustees of the First Presbyterian Congregation of Wantage;" and that there is not, to the knowledge of the complainants any other religious society, church or congregation to which the said description in the said will will apply.

That in August, 1847, the accounts of the said executors were settled, separately. That the balance found in the hands of the said James C. Havens was $56,997.81 ; and the balance found in the hands of the said John Titsworth was $14,431.84.

That the balances in the hands of the said executors amounted to $71,429.65, over and above the debts, expenses, and the legacies given by the will; which sum is to be distributed under the residuary clause of the said will.

The bill states that the complainants are informed and believe, that the said "The Trustees of the First Presbyterian Congregation of Wantage" claim to be entitled under the said will to a share of the said two-thirds of the said residue. But

the complainants submit, that the said Trustees are not entitled to any part of the said two-thirds of the said residue.

The bill prays that the clear residue may be ascertained ; and that such share thereof as may appear to be due to the complainants may be decreed to be paid to them.

Answers were put in; and the cause was heard on the bill and answers.

*P. D. Vroom* and *D. Haines* for the complainants. They cited *Ang. and Ames on Corp.* 4.

*W. Halsted* for the Church. He cited 4 *Wheat.* 626 ; *Ang. and Ames on Corp.* 2, 5 ; *Cooper's Rep.* 79 ; 2 *Howard's U. S. Rep.* 497.

THE CHANCELLOR. The legacy to the Church is not a general legacy of $500, to be disposed of at the pleasure of the Church, but the provision in respect to it is peculiar; the interest of this sum is to be paid to the minister annually, and the principal to remain good as long as there is a Church at the place named. The testator, in effect, puts this $500 in the Church as trustees for a special purpose. If the Church is to take a share of the residue, under the residuary clause, it will take it absolutely, without any limitation, and without any direction as to how it shall be used, but to be used and disposed of at pleasure. I cannot think that the testator, after having, in reference to the comparatively small sum of $500, given the direction contained in the will, could have intended to include the Church in the residuary clause, and to give to it so large a sum as its share of the residue would amount to, to be used and disposed of at pleasure.

The words " those," in the residuary clause, should, in its connection, be regarded as applying to persons, and the clause should be read, " all those persons that I have given legacies to." The word " person" does not naturally apply to corporations, and, as a general rule, does not include corporations. I am of opinion that the Church is not entitled to a share of the residue.

Decree for complainants.